IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,882-01




EX PARTE MARVIN WAYNE LYONS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2006-533-C2A IN THE 54TH DISTRICT COURT
FROM MCLENNAN COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance and sentenced to ten years’ imprisonment. He did not appeal
his conviction.
            Applicant contends, among other things, that counsel’s deficient conduct rendered his guilty
plea involuntary. The trial court made findings of fact and conclusions of law and recommended that
we deny relief. It concluded, among other things, that counsel properly advised Applicant at all
times and was effective in her representation of him. We do not agree. On the record before this
Court, counsel’s conduct was deficient during the plea hearing. While the trial judge wisely
admonished Applicant that there was no guarantee he would receive credit on his federal sentence,
counsel said or suggested otherwise.


 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may give Applicant the opportunity to respond and state whether he would have insisted on a trial
but for counsel’s deficient conduct. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            After reviewing Applicant’s response, if any, the trial court shall make further findings of fact
and conclusions of law as to whether Applicant would have insisted on a trial but for counsel’s
deficient conduct. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: May 14, 2014
Do not publish